**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CONAIR CORPORATION, | ) | Case No. 14-cv-9787 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Judge Edmond E. Chang** |
| v. | ) | |
| | ) | **Magistrate Judge Mary M. Rowland** |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | |
| IDENTIFIED ON SCHEDULE "A," | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS
MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT
AGAINST THE DEFENDANTS IDENTIFIED IN SECOND AMENDED
SCHEDULE A, WITH THE EXCEPTION OF CERTAIN DEFENDANTS**

Plaintiff Conair Corporation ("Conair" or "Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Partnerships and Unincorporated Associations identified on Second Amended Schedule A[1], with the exception of certain[2] Defendants, (collectively, the "Defaulting

---

[1] Second Amended Schedule A reflects the voluntary dismissal, without prejudice, of Online Marketplace Account Nancy lv on line 94 of the Online Marketplace Accounts section of Amended Schedule A on January 23, 2015 (Docket Entry 43) the voluntary dismissal, with prejudice, of Online Marketplace Account Super-X-Auto on line 59 of the Online Marketplace Accounts section of Amended Schedule A on February 6, 2015 (Docket Entry 52), and the voluntary dismissal, without prejudice, of Online Marketplace Account Kunmart Co., Ltd on February 12, 2015 (Docket Entry 53).

[2] Conair's Motion for Entry of Default and Default Judgment does not apply to the Online Marketplace Account AOTO Electronic Co., Ltd. on line 28 of the Online Marketplace Accounts section of Second Amended Schedule A, the Online Marketplace Account Ali-mall on line 19 of the Online Marketplace Accounts section of Second Amended Schedule A, the Defendant Domain Name cardsalor.com on line 116 of the Defendant Domain Names section of Second Amended Schedule A associated with the IP address 97.74.123.157 on line 97 of the Defendant Online Marketplace Accounts section of Second Amended Schedule A, the Online Marketplace Account xinjia on line 3 of the Defendant Online Marketplace Accounts section of Second Amended Schedule A, the Online Marketplace Account HLX Store on line 22 of the Online Marketplace Accounts section of Second Amended Schedule A, the Online

Defendants") based on Conair's action for trademark infringement, counterfeiting, false designation of origin, cybersquatting and violation of the Illinois Uniform Deceptive Trade Practices Act.

**STATEMENT OF FACTS**

Conair is an internationally recognized leader in the development, manufacturing, and marketing of personal and professional health and beauty products and small household appliances. Complaint, Docket Entry 1 at ¶ 4. Conair markets and sells hair dryers, flat irons, curling irons, hot rollers, and other heat styling tools, including, but not limited to, the popular BaBylissPRO, MIRACURL, INFINITI PRO BY CONAIR and CURL SECRET products (collectively referred to as the "Conair Products"). *Id.* In addition to imbuing common law trademark rights, the Conair trademarks are registered in many countries around the world, including with the United States Patent and Trademark Office (collectively, "the CONAIR Trademarks"). *Id.* at ¶ 6. Additional factual assertions regarding Conair in Paragraphs 4 – 11 of the Complaint are incorporated herein. *Id*. at ¶¶ 4–11.

On information and belief, Defaulting Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products bearing counterfeit versions of the CONAIR Trademarks (the "Counterfeit Conair Products") in the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶ 13. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the

---

Marketplace Account $8 stores on line 70 of the Defendant Online Marketplace Accounts section of Second Amended Schedule A, the Online Marketplace Account Alike Flagship Store on line 64 of the Online Marketplace Accounts section of Second Amended Schedule A, the Online Marketplace Account ST SZ CO., LTD. on line 45 of the Defendant Online Marketplace Accounts section of Second Amended Schedule A, and the Defendant Domain Name easyjas.com on line 95 of the Defendant Domain Names section of Second Amended Schedule A.

operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Domain Names and Online Marketplace Accounts (collectively, the "Defendant Internet Stores") identified in Second Amended Schedule A. *Id*. at ¶ 12. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and, on information and belief, has sold and continues to sell Counterfeit Conair Products to consumers within the United States, including the State of Illinois. *Id*. Additional factual assertions applicable to Defaulting Defendants in Paragraphs 12 – 22 of the Complaint are incorporated herein. *Id.* at ¶¶ 12–22.

Conair filed this action on December 5, 2014, alleging federal trademark infringement and counterfeiting (Count I), false designation of origin (Count II), cybersquatting (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act (Count IV) and seeks statutory damages and injunctive relief. Docket Entry 1. On December 11, 2014, this Court granted Conair's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") and subsequently converted the TRO into a Preliminary Injunction. Docket Entries 20 and 42.

Paragraph 10 of the TRO permitted Conair to complete service of process to Defendants by electronic mail at the e-mail addresses identified in Exhibits 2 and 3 to the Declaration of Lisa J. Deere or electronic publication at the Defendant Domain Names which were transferred to Conair's control. The Defendants were properly served on or before January 5, 2015. Docket Entry 35. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Conair now moves this Court for an Order entering default and default judgment finding that Defaulting Defendants are liable on all counts of Conair's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Conair further seeks

an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit CONAIR Trademarks on products sold through each of the Defendant Internet Stores. Conair also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit Conair Products, an Order that the domain names used by Defaulting Defendants to sell Counterfeit Conair Products be permanently transferred to Conair, and that all assets in Defaulting Defendants' financial accounts operated by PayPal, Inc., as well as any newly discovered assets, be transferred to Conair.

## ARGUMENT

## I.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Conair's business within this Judicial District. *See* Complaint at ¶¶ 2, 12, 21 and 22; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial Internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois and, on information and belief, has sold Counterfeit Conair Products to residents of Illinois. Many of the websites are sophisticated-looking, written in English, and accept payment in U.S. Dollars. As such, personal jurisdiction is proper since each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Conair substantial injury in the State of Illinois. *See True Religion Apparel, Inc., et al. v. Does 1-100,* No. 1:12-cv-9894 (N.D. Ill. Feb. 6, 2013) (unpublished) (Docket Nos. 42 and 43); *Deckers Outdoor Corp. v. Does 1-55,* No. 1:11-cv-00010 (N.D. Ill. Oct. 14, 2011) (unpublished) (Docket Nos. 68 and 69).

## II.    CONAIR HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).   On December 5, 2014, Conair filed its Complaint alleging federal trademark infringement and counterfeiting, 15 U.S.C. § 1114 (Count I), false designation of origin, 15 U.S.C. § 1125(a) (Count II), cybersquatting, 15 U.S.C. § 1125(d) (Count III) and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510 (Count IV).  Docket Entry 1. The Defendants were properly served on January 5, 2015.  Docket Entry 35.  Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action.  Gaudio Declaration at ¶ 2.  Upon information and

belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Conair asks for entry of default against the Defaulting Defendants.

## III. CONAIR HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

More than twenty-one (21) days have passed since Defendants were served on January 5, 2015, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Conair requests an award of statutory damages as authorized by 15 U.S.C. § 1117(c)(2) for willful trademark counterfeiting against each of the Defaulting Defendants for use of counterfeit CONAIR Trademarks on products sold through the Defendant Internet Stores[3]. Conair also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Counterfeit Conair Products, an order that domain names used by Defaulting Defendants to sell Counterfeit Conair Products be permanently transferred to Conair, and that all assets in Defaulting Defendants' financial accounts operated by PayPal, Inc. and any newly identified accounts be transferred to Conair.

---

[3] Conair is not seeking additional statutory damages of up to $100,000 per domain name to which it is also entitled for violations of 15 U.S.C. § 1125(d) (Count III), even though this was included in its prayer for relief in the Complaint.

### A. Trademark Infringement and Counterfeiting

To properly plead a claim of trademark infringement and counterfeiting pursuant to the Lanham Act, a plaintiff must allege that (1) its mark is distinctive enough to be worthy of protection, (2) defendants are not authorized to use the mark; and (3) defendant's use of the mark causes a likelihood of confusion as to the origin or sponsorship of defendant's products. *See Neopost Industrie B.V. v. PFE Int'l Inc.,* 403 F. Supp. 2d 669, 684 (N.D. Ill. 2005) (citing *Bliss Salon Day Spa v. Bliss World LLC,* 268 F.3d 494, 496-97 (7th Cir. 2001)).

Conair alleged in its Complaint that its CONAIR Trademarks are highly distinctive, that Defaulting Defendants have knowledge of Conair's rights in the CONAIR Trademarks, that Defaulting Defendants are not authorized to use the CONAIR Trademarks, and that Defaulting Defendants' use of the CONAIR Trademarks causes a likelihood of confusion. Complaint at ¶¶ 24-26. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Conair's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Conair requests entry of judgment with respect to Count I for willful infringement and counterfeiting of the CONAIR Trademarks against the Defaulting Defendants.

### B. False Designation of Origin

A plaintiff bringing a false designation of origin claim under 15 U.S.C. § 1125(a) must show that: (1) the plaintiff has a protectable trademark; and (2) a likelihood of confusion will exist as to the origin of plaintiff's products. *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.,* 2013 WL 1701871, *10 (C.D. Ill. Apr. 18, 2013) (*citing Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.,* 188 F. 3d 427, 436 (7th Cir. 1999)). This is the same test that

7

is used for bringing a trademark infringement claim under the Lanham Act.  *See Neopost,* 403 F.

Supp. 2d at 684.

Conair alleged in its Complaint that Defaulting Defendants' promotion, marketing,

offering for sale, and sale of Counterfeit Conair Products has created and is creating a likelihood

of confusion, mistake, and deception among the general public as to the affiliation, connection,

or association with Conair or the origin, sponsorship, or approval of Defaulting Defendants'

Counterfeit Conair Products by Conair.  Complaint at ¶ 31.  Furthermore, by using the CONAIR

Trademarks on the Counterfeit Conair Products, Defaulting Defendants create a false designation

of origin and a misleading representation of fact as to the origin and sponsorship of the

Counterfeit Conair Products.  *Id.* at ¶ 32.  As such, Conair requests entry of judgment with

respect to Count II for willful false designation of origin against the Defaulting Defendants.

### C.  Cybersquatting

In order to state a claim under the Anticybersquatting Consumer Protection Act, a

plaintiff must allege that (1) it had a distinctive or famous mark at the time the domain names

were registered, (2) the defendants registered, trafficked in, or used domain names that are

identical to, confusingly similar to, or dilutive of plaintiff's mark, and (3) the defendants had a

bad faith intent to profit from that mark.  15 U.S.C. § 1125(d)(1)(A); *see also Vulcan Golf, LLC*

*v. Google, Inc.,* 552 F. Supp. 2d 752, 763 (N.D. Ill. 2008).

Conair alleged in its Complaint that Conair is the exclusive owner of the CONAIR

Trademarks, registrations for which are in full force and effect, and which are highly distinctive

and famous marks pursuant to 15 U.S.C. § 1125.  Complaint at ¶ 36.  Conair further alleged that

Defaulting Defendants have acted with bad faith intent to profit from the unauthorized use of the

CONAIR Trademarks and the goodwill associated therewith by registering, trafficking in, or

using various domain names which are identical to, confusingly similar to, or dilutive of the CONAIR Trademarks. *Id.* at ¶ 37. As such, Conair requests entry of judgment against the Defaulting Defendants with respect to Count III for willful cybersquatting as to the domain names incorporating any of the CONAIR Trademarks.

### D. Violation of the Illinois Uniform Deceptive Trade Practices Act

In Illinois, courts resolve unfair competition and deceptive trade practices claims "according to the principles set forth in the Lanham Act." *Spex, Inc. v. The Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D. Ill. 1994). Illinois courts look to federal case law and apply the same analysis to state infringement claims. *Id.* (citation omitted). As such, the determination as to whether there is a likelihood of confusion under the Illinois Uniform Deceptive Trade Practices Act is similar to the Lanham Act analysis. *Am. Broad. Co. v. Maljack Prods., Inc.*, 34 F. Supp. 2d 665, 681 (N.D. Ill. 1998).

Conair alleged in its Complaint that Defaulting Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Conair Products as those of Conair, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with Conair Products, representing that their products have Conair's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public. Complaint at ¶ 42. Conair, therefore, requests entry of judgment with respect to Count IV of its Complaint for willful violation of the Illinois Uniform Deceptive Trade Practices Act against Defaulting Defendants.

## IV. CONAIR IS ENTITLED TO MONETARY AND INJUNCTIVE RELIEF

The awarding of statutory damages serves dual interests in that it is remedial in nature,

9

but also intended to protect an important public interest. Given the broader economic losses and harm to the job market caused by counterfeiting, coupled with the possible dangers to consumers who are tricked into purchasing low quality, counterfeit products over the Internet, it is important to both penalize defendants and try to deter future violations.

Conair has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the CONAIR Trademarks. Docket Entry 12 at ¶ 7. As a result, products bearing the CONAIR Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Conair. *Id*. The success of Conair's brands has resulted in their significant counterfeiting, so Conair has instituted a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. *Id.* at ¶ 11.

## A. Statutory Damages are Appropriate in this Case

Pursuant to the statutory damages provision of the Lanham Act, 15 U.S.C. § 1117(c), a plaintiff in a case involving the use of a counterfeit mark may elect to receive "not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(1). When the counterfeiting is found to be willful, 15 U.S.C. § 1117(c)(2) provides for statutory damages of up to "$2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. § 1117(c)(2).

The lack of information regarding Defaulting Defendants' sales and profits makes statutory damages particularly appropriate for default cases like the instant case. *See Petmed Express, Inc. v. medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1220 (S.D. Fla. 2004). Likewise,

Courts have recognized that statutory damages should be awarded without requiring an evidentiary hearing. *See Lorillard Tobacco Co. v. Montrose Wholesale Candies & Sundries, Inc.*, 2008 U.S. Dist. LEXIS 31761, *11 (N.D. Ill. Apr. 17, 2008).

### B. Defendants' Counterfeiting Was Willful

As alleged in Conair's Complaint, Defaulting Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Conair Products. Docket Entry 1 at ¶ 15. Pursuant to 15 U.S.C. § 1117(e), a counterfeiting violation is presumed willful "for purposes of determining relief if the violator ... knowingly provided ... materially false contact information to a domain name registrar...." 15 U.S.C. § 1117(e). Many of the Defaulting Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Docket Entry 12 at ¶ 15. Thus, willfulness is presumed in the instant case under 15 U.S.C. § 1117(e).

Even without the statutory presumption, it is clear that Defaulting Defendants' counterfeiting was willful. "Willful infringement may be attributed to the defendant's actions where he had knowledge that his conduct constituted infringement or where he showed a reckless disregard for the owner's rights." *Lorillard Tobacco Co. v. S & M Cent. Serv. Corp.,* 2004 LEXIS 22563, *19-20 (N.D. Ill. Feb. 25, 2005). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *Id.* at 20. In the instant case, Defaulting Defendants clearly had knowledge that their activities constituted infringement or at least a reckless disregard for Conair's rights in its CONAIR Trademarks. After all, the Defaulting Defendants were copying content directly from Conair's official websites while taking great pains to hide their identities to try to avoid being held accountable for their

counterfeiting activities.  Docket Entry 12 at ¶ 16; *see also* Docket Entries 28-33.

Finally, District Courts have deemed counterfeiting willful when defendants default.  *See True Religion Apparel, Inc., et al. v. Does 1-100,* No. 1:12-cv-9894 (N.D. Ill. Feb. 6, 2013) (unpublished) (Docket No. 43); *Oakley, Inc. v. Does 1-100,* No. 1:12-cv-9864 (N.D. Ill. Jan. 30, 2013) (unpublished) (Docket No. 32).

### C.  A High Statutory Damages Award Is Appropriate and Just

Although 15 U.S.C. § 1117(c) contains the dollar range for possible statutory damage awards, the only guidance provided by the statute for how to determine a damage award within the statutory dollar range is "as the court considers just."  15 U.S.C. § 1117(c).  Courts interpreting 15 U.S.C. § 1117(c) have analogized case law applying the statutory damage provision of the Copyright Act contained in 17 U.S.C. § 504(c).  *See Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *10; *Sara Lee v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991).  Under the *Chi-Boy* standard, a court awarding statutory damages is "not required to follow any rigid formula," but instead "enjoys wide discretion."  *Id*.  In computing the award amount, a court may consider factors such as "the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent."  *Id*.  Courts in this district have also considered the significant value of a plaintiff's brand and the efforts taken to protect, promote and enhance that brand in determining the appropriate dollar figure for the award.  *Lorillard Tobacco Co.,* 2004 U.S. Dist. LEXIS 22563, *16.

In addition, courts have awarded high damage amounts where a defendant's counterfeiting activities attracted wide market exposure through Internet traffic or advertisement. *See Coach, Inc. v. Ocean Point Gifts*, 2010 U.S. Dist. LEXIS 59003, *15-16 (D.N.J. Jun. 14, 2010) (high damage awards in counterfeit cases were "due in part to the wide market exposure that the Internet can provide"); *Burberry Ltd. v. Designers Imports, Inc.*, 2010 U.S. Dist. LEXIS 3605, *28-29 (S.D.N.Y. Jan. 19, 2010) (damages amount based, in part, on "Defendant's ability to reach a vast customer base through internet advertising").

In similar cases involving willful Internet-based counterfeiting, courts have awarded significant damages, including up to the maximum provided by law, to the plaintiff to serve the purposes of: (1) deterring the defendant and others situated like him from bringing into commerce counterfeit goods, (2) compensating the plaintiff for damages caused by defendant's infringement, and (3) punishing the defendant appropriately for his counterfeiting activities. *See, e.g., Philip Morris U.S.A. Inc. v. Castworld Prods.*, 219 F.R.D. 494, 501 (C.D. Cal. 2003); *Oakley, Inc. v. Does 1-100,* No. 1:12-cv-9864 (N.D. Ill. Jan. 30, 2013) (unpublished) (Docket No. 32) (awarding $2,000,000 in statutory damages per defendant); *Coach, Inc. v. Does 1-573,* No. 1:12-cv-1514 (N.D. Ill. Oct. 15, 2012) (unpublished) (Docket No. 27) (awarding $2,000,000 in statutory damages per defendant); *Deckers Outdoor Corp. v. Does 1-1,281,* No. 1:12-cv-01973 (N.D. Ill. June 29, 2012) (unpublished) (Docket No. 23) (awarding $2,000,000 in statutory damages per defendant). Given the Court's clear discretion in determining the appropriate amount of the statutory damages award within the statutory limits of 15 U.S.C. § 1117(c), Conair respectfully requests the Court's entry of an award of one hundred fifty thousand dollars ($150,000) per Defaulting Defendant.

Additionally, the remedy imposed under the statute must provide a sufficient deterrent

13

effect to ensure that the guilty party will not engage in further infringing conduct. *Sands, Taylor & Wood v. Quaker Oats Co.,* 34 F.3d 1340, 1348 (7th Cir. 1994). For example, in *Phillip Morris USA Inc. v. Marlboro Express*, the Court stated that due to, "the size of the potential profit given the quantities of [counterfeit goods] involved, and the need for a substantial deterrent to future misconduct by defendants and other counterfeit traffickers ... plaintiff is entitled to the maximum statutory award under 15 U.S.C. § 1117(c)(2)." 2005 U.S. Dist. LEXIS 40359, *28 (E.D.N.Y. Aug. 26, 2005).

Finally, in determining an appropriate damage award, this Court should be guided by the *Lorillard* case and consider the "significant value of [the CONAIR] brand and the efforts taken to protect, promote and enhance that brand." *Lorillard Tobacco Co.*, 2004 U.S. Dist. LEXIS 22563, *16. Conair expends substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting the Conair brand. Docket Entry 12 at ¶ 7. Thus, Conair's request for a high statutory damages award should be given favorable consideration in view of the value of the CONAIR brand and the extensive steps being taken by Conair to protect, promote and enhance it.

### D. Conair is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Conair respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Conair's registered trademark rights in the CONAIR Trademarks, including at least all injunctive relief previously awarded by this Court to Conair in the TRO and Preliminary Injunction. Conair is also entitled to injunctive relief so it can quickly take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling Counterfeit Conair Products. *See Oakley, Inc. v. Does 1-100,* No. 1:12-cv-9864 (N.D. Ill. Jan.

30, 2013) (unpublished) (Docket Nos. 31 and 32); *Tory Burch LLC, et al. v. Does 1-100,* no. 1:12-cv-07163 (N.D. Ill. Nov. 2, 2012) (unpublished) (Docket Nos. 39 and 40); *Deckers Outdoor Corp. v. Does 1-101*, No. 1:11-cv-07970 (N.D. Ill. May 17, 2012) (unpublished) (Docket Nos. 68 and 69).

## CONCLUSION

Conair respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred fifty thousand dollars ($150,000) per Defaulting Defendant pursuant to 15 U.S.C. § 1117(c) and enter a permanent injunction order prohibiting Defaulting Defendants from selling Counterfeit Conair Products, permanently transferring the domain names used by Defaulting Defendants to sell Counterfeit Conair Products to Conair, and transferring all assets in Defaulting Defendants' financial accounts operated by PayPal, Inc. to Conair.

Dated this 12th day of February 2015.          Respectfully submitted,


 /s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Attorneys for Plaintiff Conair Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website to which the Defendant Domain Names that have been transferred to Conair's control now redirect, and I will send an e-mail to the e-mail addresses identified in Exhibits 2 and 3 to the Declaration of Lisa J. Deere that includes a link to said website.

_/s/ Justin R. Gaudio_____
Kevin W. Guynn
Amy C. Ziegler
Justin R. Gaudio
Jessica L. Bloodgood
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
kguynn@gbclaw.net
aziegler@gbclaw.net
jgaudio@gbclaw.net
jbloodgood@gbclaw.net

*Attorneys for Plaintiff Conair Corporation*